FILED
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION 2009 MAY 13 PM 3: 43

US DISTRICT COURT
MIDDLE DISTRICT OF FL

UNITED STATES OF AMERICA

v.

CASE NO. 6:09-cr-74-ORL-DAB-KRS
18 U.S.C. § 1029(a)(5)
18 U.S.C. § 1341
18 U.S.C. § 641     UNSEALED
42 U.S.C. § 1383a(a)(3)
42 U.S.C. § 408(a)(7)(B)
18 U.S.C. § 152(3)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
18 U.S.C. § 982(a)(2) - Forfeiture
18 U.S.C. § 982(a)(2)(B) - Forfeiture
18 U.S.C. § 1029(c)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

BRENDA WILLOUGHBY
 a/k/a "Ceci"
 a/k/a Carol Willoughby
 a/k/a Carol Morgan

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Between in or about February 2006, and in or about February 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, did knowingly and with intent to defraud, effect transactions, and attempt to effect transactions, that affected interstate and foreign commerce, with one or more access devices issued to another person and persons, to receive payment and any other thing of value during any one-year period the aggregate value for which is equal to or greater than $1,000.

All in violation of Title 18, United States Code, Sections 1029(a)(5) & (c)(1)(A)(ii) and Title 18, United States Code, Section 2.

## COUNT TWO

### A. Introduction

1.	At all times material to this Indictment, Federal Express was a private and commercial interstate carrier.

### B. Scheme and Artifice

2.	Beginning at a time unknown to the Grand Jury, but beginning at least by in or about 2004, and continuing thereafter at least through and including in or about February 9, 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere, the defendant,

**BRENDA WILLOUGHBY**
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan

did knowingly and willfully devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, did deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier, did knowingly take and receive therefrom, any such matter or thing, and did knowingly cause to be delivered by U.S. mail and private and commercial interstate carrier, including Federal Express, according to the direction thereon, and at the place at which

it is directed to be delivered by the person to whom it is addressed, any such matter and thing, which scheme and artifice to defraud is described as follows:

### C. Manner and Means

The manner and means utilized to accomplish the scheme and artifice to defraud included, among others, the following:

3. It was part of the scheme and artifice to defraud and for obtaining money and property that defendant **BRENDA WILLOUGHBY** would obtain money by means of false pretenses and representations through her operation of a travel agency called "Travel by Design."

4. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would receive referrals for customers seeking to book vacations from questionnaires completed by interested customers on Internet sites, such as 4cruises.com and 4vacations.com. After receiving such a referral, defendant **BRENDA WILLOUGHBY** would contact the prospective customer by telephone and provide those customers with quotes to book cruises, airfare, and other items related to that travel.

5. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would obtain credit card information from customers over the telephone and would seek permission from those customers to charge a specific amount to their credit cards for the cruise and travel package that they had purchased.

6. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would memorialize a customer's agreement to authorize

charges on that customer's credit card by sending by United States Mail or by Federal Express a form to be completed and returned by the customer.

7. It was a further part of the scheme and artifice to defraud that customers would complete those forms to reflect their credit card number, name on the card, billing address for the card, signature, amount authorized, and identity of cruise passengers for which the charges were to apply. Customers would and did send by United States Mail and Federal Express the completed forms back to a mail box located in Orange County, Florida, that belonged to defendant **BRENDA WILLOUGHBY**.

8. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would make unauthorized charges on the credit cards that she had been provided by her customers and that she would process those unauthorized charges by use of a point of sale terminal.

9. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would fail to book cruises and travel for customers and would instead use their credit card information to pay for cruises and travel of other customers.

10. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would exceed the authorized amount that customers had allowed her to charge to their credit cards.

11. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would provide customers with bogus confirmation numbers for their cruises and air travel.

12. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would engage in conduct intended to lull her customers into believing that they were not the victims of fraud, including the following:

   a. Defendant **BRENDA WILLOUGHBY** would falsely represent to customers that an employee in her office had made the unauthorized charges to their credit cards, as she did not have any employees.

   b. Defendant **BRENDA WILLOUGHBY** would agree to refund victims and would set up payment plans to do so, but she never intended to, and did not make, any payments.

   c. Defendant **BRENDA WILLOUGHBY** would falsely represent that she was refunding money to her customers and would send by United States mail checks written on accounts belonging to her, but checks either were not sent or were written on accounts that did not have sufficient funds or that were closed prior to the victim being able to attempt to negotiate the check.

   d. Defendant **BRENDA WILLOUGHBY** would falsely represent to customers that she was going to contact the cruise line to take care of a problem with a cruise booking, knowing that she was not going to undertake any such efforts.

13. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would falsely represent to victims the cancellation policies of the cruise lines to deceive customers into believing that they could not get a refund on the amounts they had paid.

14. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would and did use interstate wires to communicate with customers by electronic mail.

15. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would and did cause customers to deposit items with the United States Postal Service and with private and interstate commercial carriers, including Federal Express, for delivery to defendant **BRENDA WILLOUGHBY** in Orange County, Florida, in the Middle District of Florida.

16. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would and did take delivery in Orange County, Florida, in the Middle District of Florida, of the items that had been sent by customers by use of the United States Postal Service and private and interstate commercial carriers, including Federal Express.

17. It was a further part of the scheme and artifice to defraud that defendant **BRENDA WILLOUGHBY** would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of and acts done in committing the scheme.

D. **The mailing by a private and interstate commercial carrier**

18. On or about June 29, 2006, in Orange County, Florida, in the Middle District of Florida, the defendant,

> **BRENDA WILLOUGHBY**
> a/k/a "Ceci"
> a/k/a Carol Willoughby
> a/k/a Carol Morgan

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, did knowingly cause to be deposited to be sent and delivered by a private and commercial interstate carrier, did knowingly take and receive and cause to be taken and received from a private and commercial carrier, and did knowingly cause to be delivered by private and commercial interstate carrier, according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following item: a credit card authorization form that was sent by **BRENDA WILLOUGHBY** by Federal Express from Orlando, Florida, for delivery in San Diego, California.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

Between in or about June 2004, and in or about March 2009, in Orange County, Florida, the Middle District of Florida and elsewhere,

**BRENDA WILLOUGHBY**
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan

the defendant herein, did knowingly and willfully embezzle, steal, and convert to her own use, and to the use of another, from the Social Security Administration ("SSA"), a department or agency of the United States, an amount having a value in excess of $1,000.

All in violation of Title 18, United States Code, Section 641.

## COUNT FOUR

Between in or about June 2004, and in or about March 2009, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, having knowledge of the occurrence of an event affecting her initial and continued right to receive payment of Supplemental Security Income ("SSI") benefit payments, concealed and failed to disclose to Social Security Administration ("SSA") such event with the intent to fraudulently secure payment when no payment was authorized; specifically, defendant concealed and failed to disclose to SSA that: a) she lived with her husband, b) her husband received income from work activities, c) her resources were in excess of $2,000.00 at any time during the time she received SSI benefits; and d) she operated a travel agency called "Travel by Design;" all of which the defendant knew would have made her ineligible to receive SSI benefit payments and affected her continued right to receive SSI benefits.

All in violation of Title 42, United States Code, Section 1383a(a)(3).

## COUNT FIVE

On or about May 15, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented in a Parsons Federal Credit Union Membership Application for a Joint Account that her Social Security account number was XXX-XX-3163, when in fact, as defendant then and there well knew, Social Security account number XXX-XX-3163 was not assigned to her.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SIX

On or about November 30, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented in an Application with Coastal Bank in Merritt Island, Florida, that her Social Security account number was XXX-XX-3116, when in fact, as defendant then and there well knew, Social Security account number XXX-XX-3116 was not assigned to her.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SEVEN

On or about November 30, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented on an IRS W-9 form to request taxpayer identification number that her Social Security account number was XXX-XX-3116, when in fact, as defendant then and there well knew, Social Security account number XXX-XX-3116 was not assigned to her.

All in violation of Title 42, United States Code, Sections 408(a)(7)(B).

## COUNT EIGHT

On or about May 26, 2006, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented in a Ford Motor Credit Application that her Social Security account number was XXX-XX-8119, when in fact, as defendant then and there well knew, Social Security account number XXX-XX-8119 was not assigned to her.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT NINE

On or about August 18, 2006, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented in a Martin Federal Credit Union Membership Application that her Social Security account number was 430-90-XXXX, when in fact, as defendant then and there well knew, Social Security account number 430-90-XXXX [3119] was not assigned to her.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT TEN

On or about November 13, 2006, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan

the defendant herein, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with intent to deceive, falsely represented in an Application and Agreement with Washington Mutual Bank that her Social Security account number was XXX-XX-8119, when in fact, as defendant then and there well

knew, Social Security account number XXX-XX-8119 was not assigned to her.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT ELEVEN

On or about November 3, 2006, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, did knowingly and fraudulently make a false declaration, certificate, verification, and statement under penalty of perjury in connection with the filing of a Title 11, United States Code, Chapter 13 case, to wit: Case Number: 6:06-bk-02941-KSJ; specifically, in the "Schedule I - Current Income of Individual Debtor(s)" and the "Statement of Financial Affairs," the defendant stated that she received no social security benefits, whereas she then and there well knew, she was receiving social security benefits.

All in violation of Title 18, United States Code, Section 152(3).

## COUNT TWELVE

On or about October 19, 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**BRENDA WILLOUGHBY**
**a/k/a "Ceci"**
**a/k/a Carol Willoughby**
**a/k/a Carol Morgan**

the defendant herein, did knowingly and fraudulently make a false declaration,

certificate, verification, and statement under penalty of perjury in connection with the filing of a Title 11, United States Code, Chapter 13 case, to wit: Case Number: 6:07-bk-05128-KSJ; specifically, in the "Schedule I - Current Income of Individual Debtor(s)" and the "Statement of Financial Affairs," the defendant stated that she received no social security benefits, whereas she then and there well knew, she was receiving social security benefits.

All in violation of Title 18, United States Code, Section 152(3).

## **FORFEITURE**

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1029(c)(1)(C).

2. The defendant, **BRENDA WILLOUGHBY, a/k/a "Ceci," a/k/a Carol Willoughby, a/k/a Carol Morgan,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all right, title, and interest she has in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation(s) and pursuant to Title 18, United States Code, Section 1029(c)(1)(C) any personal property used or intended to be used to commit the offense.

3. The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

4.     The defendant, **BRENDA WILLOUGHBY, a/k/a "Ceci," a/k/a Carol Willoughby, a/k/a Carol Morgan,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all right, title, and interest she has in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation(s).

5.     The allegations contained in Count Three, and Count Eleven through Count Twelve, of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

6.     From her engagement in the violations alleged in Count Three and Count Eleven through Count Twelve of this Indictment, punishable by imprisonment for more than one year, the defendant

**BRENDA WILLOUGHBY
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

7.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), Title 18 United States Code, Section 982(b)(1), and Title 18, United States Code, Section 1029(c)(1)(2).

            A TRUE BILL,

            _____
            Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _____
   LaKesia R. Mosley
   Assistant United States Attorney

By: _____
   Roger B. Handberg
   Assistant United States Attorney
   Chief, Orlando Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

BRENDA WILLOUGHBY
a/k/a "Ceci"
a/k/a Carol Willoughby
a/k/a Carol Morgan

## INDICTMENT

Violations:

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 1341
18 U.S.C. § 641
42 U.S.C. § 1383a(a)(3)
42 U.S.C. § 408(a)(7)(B)
18 U.S.C. § 152(3)

A true bill,

_____
Foreperson

Filed in open court this 13th day

of May, 2009.

_____
Clerk

Bail $ _____

GPO 863 525